1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH FRIEDMAN,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          2:13-cv-1345-JCM-CWH
                                     )
NEVADA DEPARTMENT OF                 )          **ORDER**
CORRECTIONS et al.,                  )
                                     )
            Defendants.              )
                                     )
                                     )
_____    )

   This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983, removed from state court.  (ECF No. 1).  This action proceeds on the complaint.  (ECF No. 10).  The complaint was previously screened by the Court.  (ECF No. 9).  The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were encouraged to engage in informal settlement discussions.  (ECF No. 9, 11).  The Office of the Attorney General has filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action.  (ECF No. 12).

   **IT IS THEREFORE ORDERED** that:

   1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 10) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

   2. Subject to the findings of the screening order (ECF No. 9), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does

<u>not</u> accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

3.  If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name <u>and</u> address for the defendant(s).

4.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

2

5.      Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court which fails to include a certificate showing proper service.

DATED: This 13th day of February, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge