UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH FRIEDMAN,

          Plaintiff,

vs.

LINDA ADAMS, *et al.*,

          Defendants.

Case No. 2:13-cv-01345-JCM-CWH

**ORDER**

Before the Court are Plaintiff Kenneth Friedman's ("plaintiff") motions (docs. # 35, # 36, # 37, # 50, # 52). Also before the Court are Defendants Robert Bannister, Linda Adams, Doni K. Jennings, and Joseph Hanson's ("defendants") responses (docs. # 41, # 42, # 43, # 53), and Plaintiff's replies (docs. # 46, # 49, # 55).[1]

**BACKGROUND**

Plaintiff, proceeding pro se, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and currently incarcerated at Ely State Prison. On January 15, 2014, the Court entered a screening order finding that plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference. See Doc. # 9. Because this action was not referred to the Court's inmate early mediation program, the Court subsequently issued orders governing service and discovery in the instant case. See Docs. # 11, # 21, # 24, # 26, # 32, # 34.

---

[1] Plaintiff contends that defendants' responses (docs. # 41, # 42, # 43) were untimely filed and therefore the Court should grant his motions (docs. # 35, # 36, # 37) under Local Rule 7-2. See Doc. # 49; see also Docs. # 35, # 36, # 37, # 46. However, the record reveals that defendants sought, and this Court granted, an extension of time for defendants to file responses to plaintiff's motions. See Doc. # 40. As such, the Court **denies** plaintiff's request.

**DISCUSSION**

**1.      Second Motion to Compel (doc. # 35)**

Plaintiff moves the Court for an order compelling his mental health records. Plaintiff also objects to defendants' responses to the second set of requests for admissions, and claims that responses to the second set of interrogatories were untimely served. Plaintiff further contends that defendants have been "unwilling to unblock" their phone lines to resolve any discovery disputes.

Defendants, in opposition, argue that plaintiff never requested production of his mental health records, with defendants questioning the relevance of these records to plaintiff's dental treatment-related claims. Defendants also argue that plaintiff fails to state any specific objections to defendants' responses to the second set of requests for admissions. Defendants further argue that plaintiff erroneously concludes the responses to his second set of interrogatories were untimely served when defendants had until June 1, 2015 and served their responses on that date. Defendants add that, in light of the recent change in defense counsel, new counsel will contact and work with plaintiff to resolve any outstanding discovery issues.

In reply, plaintiff restates his earlier assertions. Plaintiff also contends that he previously requested production of his mental health records but never received them. Plaintiff then objects to defendants' responses to the second set of requests for admissions, along with defendants' responses to the second set of interrogatories, because they purportedly reflect defendants' "persistent effort at evasion" of discovery.

A review of plaintiff's reply, doc. # 49, reveals that plaintiff failed to attach a copy of his purported request for access to his mental health records for this Court's review. Even if he did, however, plaintiff fails to show the relevance of these records to his dental treatment-related claims. See Fed.R.Civ.P. 26(b)(1) (Discovery may be obtained "regarding any non-privileged matter that is **relevant to any party's claim** or defense.") (emphasis added). This Court also agrees with defendants that responses to the second set of interrogatories were timely served, and plaintiff fails to identify specific issues or to provide a factual or legal basis to support his objections to defendants' responses. Without more, the Court must deny plaintiff's motion.

//

**2.	Motion for Sanctions (doc. # 36)**

Because plaintiff fails to provide any basis for sanctioning defendants, the Court denies the instant motion.

**3.	Motion to Extend Time Regarding Discovery (doc. # 37)**

Plaintiff asks the Court to extend discovery by sixty (60) days in light of the purported issues raised in his motion to compel (doc. # 35).

Defendants, in response, submit that a "limited" extension relating to the request for production of documents is appropriate in this case, especially in light of the recent change in defense counsel.

In reply, plaintiff contends that he is entitled to an extension for all discovery, and not just with respect to his request for production of documents.

The Court finds that only a limited extension is appropriate in this case.  As such, the parties shall have an additional sixty (60) days to resolve outstanding issues involving plaintiff's request for production of documents.

**4.	Motion to Extend Time Regarding Dispositive Matter (doc. # 50)**

Defendants ask the Court to extend the dispositive motion deadline by thirty (30) days if the Court grants their request for a limited extension of the discovery deadline.

Because the Court finds good cause for the requested extension, the instant motion is granted.

**5.	Third Motion to Compel (doc. # 52)**

Plaintiff moves the Court for an order compelling definitions of medical terminology, access to plaintiff's NDOC medical records, and documents regarding medical examinations.

Defendants, in response, point out that the purpose of a motion to compel is to obtain answers to interrogatories or documents that defendant failed to provide, and not to allow plaintiff to request new or additional interrogatories or documents.  Defendants also point out that they are under no obligation to supplement their complete responses to plaintiff's prior interrogatories.  Defendants further point out that they previously informed plaintiff he could access and review his NDOC medical file by submitting an inmate request form to the prison medical department, but that he could not keep these records and so these records were never copied or provided to plaintiff through his request for production of documents.

3

In reply, plaintiff contends that defendants have failed to "cooperate" with him to resolve discovery issues and to address defense counsel's "substantial failure(s)."

Upon review, this Court finds that plaintiff erroneously brings the instant motion because he seeks new or additional interrogatories or documents, which were never requested from defendant. As defendant rightly points out, a motion to compel is not the proper means to request new or additional interrogatories or documents. Upon review, moreover, the Court agrees with defendants that they submitted complete responses to plaintiff's prior interrogatories, and plaintiff fails to identify specific issues or to provide a factual or legal basis in support of his objections. This Court further finds that plaintiff's request for access to his NDOC medical records is moot, as he was already informed that he could request such access via the internal prison system. As such, the instant motion is denied.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel (doc. # 35) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (doc. # 36) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time Regarding Discovery (doc. # 37) is **granted in part and denied in part**. The parties shall have an additional sixty (60) days to resolve outstanding issues involving plaintiff's request for production of documents only.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time Regarding Dispositive Matter (doc. # 50) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion to Compel (doc. # 52) is **denied**.

DATED: September 23, 2015

_____
**C.W. Hoffman Jr.**
**United States Magistrate Judge**