# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH FRIEDMAN, | Case No. 2:13-cv-01345-JCM-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| LINDA ADAMS, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Kenneth Friedman's ("plaintiff") motion to compel (doc. # 58), filed November 3, 2015. Also before the Court is Defendants Robert Bannister, Joseph Hanson, Linda Adams, and Doni K. Jennings's ("defendants") response (doc. # 59), filed November 18, 2015, plaintiff's reply (doc. # 60), filed November 25, 2015, and plaintiff's notice of errata (doc. # 61), also filed November 25, 2015.

Plaintiff moves the Court for an order compelling production of his medical records, memoranda regarding a "priority system," and written policy regarding the medical condition of diffuse cellulitis.

Defendants, in response, argue that plaintiff was "repeatedly" and previously informed that he could not possess his medical records (doc. # 53 at 3), but could submit a written request to review these records, with plaintiff already accessing these records in the past. Defendants also argue that while plaintiff may believe the records are insufficient because he cannot possess them, that does not mean defendants failed to produce the records. Defendants next argue that plaintiff was previously informed no "priority" memoranda exist for production (doc. # 41 at 2), and that medical appointments

are scheduled on an emergency and non-emergency basis, with medical emergencies treated on an expedited basis and everything else scheduled on the first available date and time when a prison unit is seen. Defendants then argue that plaintiff's request for a written policy regarding diffuse cellulitis appears to be based on Dr. Hansen's interrogatory response, which mentioned diffuse cellulitis, but did not state the existence of a written policy or that the condition is the only basis for an emergency medical appointment.  Defendants point out that the responses submitted to plaintiff show a wide variety of conditions necessitating urgent or emergency treatment, and what constitutes a medical emergency and related treatment is left to the doctor's judgment.  Defendants then point out that plaintiff filed the instant motion prematurely, as the Court gave the parties 60 days to resolve outstanding discovery issues (doc. # 56), and defense counsel has already scheduled a conference with plaintiff to resolve these issues.  Defendants therefore ask the Court to deny the instant motion as premature and unnecessary.

In reply and in a notice of errata, plaintiff restates his earlier assertions. Plaintiff also acknowledges that the conference with defense counsel took place, but he neither received nor was promised new documents.

The Court agrees with defendants, and finds that plaintiff was already informed he could access his medical records through written requests, and no documents exist relating to a "priority" system or to diffuse cellulitis that can or should be produced. As such, the Court denies the instant motion.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to compel (doc. # 58) is **denied**.

DATED: December 23, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**