UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH FRIEDMAN, #80952,<br><br>Plaintiff(s),<br><br>v.<br><br>LINDA ADAMS, et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1345 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants Dr. Robert Bannister, Dr. Joseph Hanson, Linda Adams, and Doni K. Jennings's motion for summary judgment. (ECF No. 62). Plaintiff Kenneth Friedman filed a response.[1] (ECF No. 70). Defendants filed a reply. (ECF No. 72).

Defendants also move for leave to file medical records under seal in support of defendant's motion for summary judgment. (ECF No. 63). Plaintiff filed a response. (ECF No. 68). Defendants filed a reply. (ECF No. 71).

As an initial matter, plaintiff names state officials as defendants in their official capacity. (ECF No. 1-1). The Eleventh Amendment protects state officials acting in their official capacities against § 1983 suits for financial damages. *Hale v. State of Ariz.*, 993 F.2d 1387, 1399 (9th Cir. 1993). Section 1983 does not amount to a congressional abrogation of their immunity because state officials acting in "their official capacity are not 'persons' within the meaning of § 1983." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing D*oe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997)). Thus, to the extent that plaintiff seeks damages against

---

[1] Plaintiff also filed motion for extension of time to respond. (ECF No. 69). Because he filed a timely response anyway, the motion is denied as moot.

**James C. Mahan**
**U.S. District Judge**

defendants in their official capacities, the court finds dismissal appropriate. 42 U.S.C. § 1997e. The court will analyze plaintiff's Eighth Amendment claims for declaratory relief.

**I.     Background**

This is a civil rights action stemming from a dispute over dental care, or the alleged lack thereof, provided to a prisoner. Plaintiff is incarcerated at the Nevada Department of Corrections. (ECF No 1-2). Defendant Dr. Bannister is the former director of medical for the Nevada Department of Corrections. (ECF No. 62). Dr. Hanson is an institutional dentist at the prison and saw plaintiff as a patient. (ECF No. 62). Adams is a correctional nurse at the prison. (*Id.*). Jennings is the director of nursing services at the prison. (*Id.*).

The pain and desired medical treatment began May 6, 2012, when plaintiff submitted a written medial request form ("kite") stating his "tooth needs pulled, think its abscessing. Ibuprofen is doing little good. Can't eat well. Please set appointment and advise me A.S.A.P.," to which a response was provided stating "when your name comes up on the list, we'll see you." (ECF NO. 62-4, 5). Plaintiff was then provided an ibuprofen pain pack on May 6 after being seen by a sick call nurse. (ECF No. 62-6 at 2).

On May 13, 2012, plaintiff filed an informal level grievance complaining of the pain. (ECF No. 62-7). Soon after, plaintiff submitted a medical kite complaining of more pain and asking for more pain medication. (ECF N. 62-7). Plaintiff received a response stating the dentist will see him when his name comes up. (*Id.*). Plaintiff was then provided another pain pack on May 17, 2012, after being seen again by a sick call nurse. (ECF No. 62-6 at 2).

Plaintiff was seen by Dr. Hanson on May 21, 2012. (ECF No. 62-3). During this time, a tooth was extracted, three weeks after his initial kite. (*Id.*). Plaintiff's pain persisted, so he requested another dentist visit, and Dr. Hanson informed plaintiff that he would be seen on a first-kite-first-serve basis. (ECF No. 62-8).

On May 30, 2012, plaintiff submitted a kite indicating that the problem was getting worse and he needed another tooth pulled. (ECF No. 62). Again, Dr. Hanson responded that he would be seen when his name comes up. (ECF No. 62). Plaintiff was seen July 9, 2012. (*Id.*).

**James C. Mahan
U.S. District Judge**

- 2 -

Plaintiff submitted another medical kite for a dental appointment July 24, 2012. (ECF No. 62-12). Soon after, the current action was filed. Plaintiff filed suit in state court, and the case was removed to this court. (ECF No. 1). Plaintiff's only remaining claim alleges deliberate indifference, a civil rights violation under the Eighth Amendment and 42 U.S.C. § 1983. Plaintiff seeks declaratory relief.

## II.     Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   Discussion

*a.   Failure to exhaust administrative remedies*

Defendants argue that plaintiff failed to exhaust administrative remedies because, in their opinion, the specificity of plaintiff's grievance evolved at each step of the process. (ECF No. 62). Plaintiff responds that his grievance sufficiently notified the prison of his problem and that the defendants' stance would severely restricts a prisoner's ability to finish the grievance process. (ECF No. 70).

The Prison Litigation Reform Act ("PLRA") requires that inmates fully exhaust grievance opportunities through the prison's administrative process before filing an action. 42 U.S.C. § 1997e(a). The administrative remedies a prisoner must exhaust are defined by the prison grievance process itself, not the PLRA. *Jones v. Bock*, 549 U.S. 199, 218 (2007)

**James C. Mahan**
**U.S. District Judge**

Nevada's formal inmate grievance process has three levels. NEV. DEP'T OF CORRECTIONS ADMIN. REG.: INMATE GRIEVANCE PROCEDURE, ADR 740. Each level requires that the inmate clearly detail the claim and remedy sought. *Id*.

The process requires an inmate to first file an informal grievance after failing to resolve the issue outside of the prison process. *Id*. at 740.04. The inspector general's office has ninety days to respond. *Id*. Second, an inmate must file a first-level grievance. *Id*. at 740.05. The warden must respond within forty-five days. *Id*. at 740.06.

Third, an inmate must file a second-level grievance. Id. at 740.07. The warden must respond to a second-level grievance within sixty days. Id. A prisoner has exhausted his administrative remedies only after he has completed the three-level grievance process. *Id.*

Failure to exhaust administrative remedies is an affirmative defense under the PLRA. *Jones*, 549 U.S. at 216. Exhaustion must occur prior to filing suit, not during the suit's pendency. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Additionally, NRS 41.0322 requires prison inmates exhaust their administrative remedies prior to filing suit, which, pursuant to NRS 209. 243, must be filed within six months of the date of the alleged injury. *Id.*

There is no dispute that plaintiff completed the grievance process before filing his claim in district court. (ECF No. 62-6). Instead, the issue is whether plaintiff properly expressed his grievances at each stage of the grievance process. The attorney general requests too much of a pleading plaintiff. At the informal grievance level, plaintiff pleads that there are "delays in medical/dental care" while he is in "excruciating pain" from his molar. *Id.* He then claims the lack of attention is "below community standards for prompt medical" treatment. *Id.* In plaintiff's first-level grievance, he claims the problem is "ongoing," "chronic," and "urgent" and requests immediate medical attention for the problem. *Id.* In plaintiff's second-level grievance, he claims "the response unreasonably fails to address his pain and agony" and that there is "deliberate indifference" from the prison. *Id.*

While the grievance does not expressly state the elements of the cause of action plaintiff would eventually claim, it clearly alleges that there is an unreasonable delay in medical care that is below community standards and results in pain. The court finds that plaintiff properly exhausted

**James C. Mahan**
**U.S. District Judge**

- 5 -

his administrative remedies under the PLRA. The court now considers whether summary judgement is appropriate on the issues of material fact.

### b. Summary judgement

Defendant argues that (1) plaintiff did not have a serious medical need, (2) defendants were not deliberately indifferent to plaintiff, and (3) defendant's delay in response to plaintiff was reasonable. (ECF No. 62). Plaintiff responds that (1) his dental harm constituted serious harm and he suffered additional serious harm because treatment was delayed, and (2) he attempted to get emergency care. (ECF No. 70).

In order to survive a motion for summary judgment based on a deliberate indifference to serious medical needs under the Eighth Amendment, a plaintiff must present evidence that a reasonable jury would conclude shows the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County,* 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn and must draw the inference. *Id*.

The medical official must be "(a) subjectively aware of the serious medical need and (b) fail to adequately respond." *Id.* (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir. 1989). Prison authorities have wide discretion regarding the nature and extent of medical treatment provided to prisoners. *See Snow v. Gladden*, 338 F.2d 999 (9th Cir. 1964) (citing *Weller v. Dickson*, 314 F.2d 598, 602 (9th Cir. 1963)).

The crux of the complaint revolves around a disagreement regarding the dental treatment provided to plaintiff. Before his scheduled appointment, plaintiff was seen multiple times by the nurse, who prescribed medication when he notified the prison that he was in pain. (ECF No. 70). He was later seen multiple times by Dr. Hanson at scheduled appointments. Plaintiff contends that the approximately three-week delay between his complaints of severe pain and the scheduled

**James C. Mahan**
**U.S. District Judge**

- 6 -

appointment at which his tooth was eventually removed constitutes deliberate indifference. (ECF No. 70).

The court turns first to whether the prison officials knew of a serious harm and deliberately did nothing. While plaintiff kited multiple times about his tooth pain and the medication not being effective, he was seen by Dr. Hanson less than three weeks after his first kiting. (ECF No. 62-3-4). Before being seen by the doctor, plaintiff was given multiple medical packs for pain and visited by a prison nurse twice. (ECF No. 62-6 at 2). At most, plaintiff has shown that he had a different dental opinion regarding his treatment than Dr. Hansen. The evidence demonstrates that plaintiff was receiving ongoing care for his dental health. (ECF No. 62-7).

Plaintiff does not present evidence that the decision to deny him faster treatment was based on anything other than the doctor's medical judgment. This difference of opinion regarding the appropriate course of treatment does not amount to a deliberate indifference to serious medical needs, and plaintiff's claim fails as a matter of law. See *Sanchez*, 891 F.2d at 242. There is no genuine issue with respect to the fact that defendant did not disregard a health risk with respect to plaintiff. Instead, the evidence shows that defendants responded to and diagnosed plaintiffs health needs.

Accordingly, the court does not address whether plaintiff suffered serious medical harm. Because plaintiff cannot show that his health risk was disregarded, summary judgment will be entered on behalf of defendants. The court notes, however, that routine discomfort does not satisfy the objective pain requirement of deliberate indifference. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff also requests extended discovery time in his motion for summary judgment response. (ECF No. 70). In accordance with Local Rule IC 2-2(b), the court will not consider plaintiff's motion because it is improperly filed. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

The court now considers plaintiff's motion for leave to file medical records under seal. (ECF No. 63). Plaintiff opposes the motion to seal because he thinks he will not be able to see his

James C. Mahan
U.S. District Judge

- 7 -

own medical records. (ECF No 70). The need to protect sensitive medical information is a compelling reason to seal records. *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.,* C 10-02258 SBA, 2011 WL 89931, at *1, n.1 (N.D. Cal. Jan 10, 2011). Plaintiff will not be prejudiced, as a copy of the exhibits filed under seal was sent to the warden's office at Ely State Prison for his review. (*See* ECF No. 63 at 2). That being the case, in the interest of protecting sensitive medical information, defendant's motion for leave to file medical records under seal is granted.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant State of Nevada's motion for summary judgment (ECF No. 62) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendant's motion for leave to leave to file medical records under seal (ECF No. 63) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERD that plaintiff's motion to extend time to respond (ECF No. 69) be, and the same hereby, is DENIED as moot.

The clerk shall enter judgment for defendants and close the case.

DATED August 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**