UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH FRIEDMAN, #80952, | Case No. 2:13-CV-1345 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| LINDA ADAMS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Kenneth Friedman's motion for this court to reconsider its August 1, 2016, order granting defendants Dr. Robert Bannister, Dr. Joseph Hanson, Linda Adams, and Doni Jennings's motion for summary judgment.[1] (ECF Nos. 62, 74, 76). Defendants filed a response (ECF No. 77), and plaintiff filed a reply (ECF No. 78).

First, Federal Rule of Civil Procedure 60(b)(4) allows relief from a final judgment or order when "the judgment is void." Furthermore, "[a] final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (citing *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985)).

Next, Rule 60(b)(5) allows relief from a final judgment or order when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." However, "[t]he moving party must demonstrate . . . 'a significant change either in factual conditions or in law.'" *Clark v. California*,

---

[1] Plaintiff files the present motion pursuant to Federal Rules of Civil Procedure 60(b)(4)–(6). (ECF No. 76).

James C. Mahan
U.S. District Judge

739 F. Supp. 2d 1168, 1175 (N.D. Cal. 2010) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)).

Finally, Rule 60(b)(6) allows relief for "any other reason that justifies relief." District courts use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Id.* (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Plaintiff's motion fails to demonstrate the applicability of any of these rules. (ECF No. 76). First, plaintiff fails to demonstrate that the court's judgment was void because there is no dispute regarding jurisdiction and plaintiff does not successfully indicate that this court "acted in a manner inconsistent with due process of law." *Berke*, 170 F.3d at 883. Reviewing the motion for a possible argument regarding due process, it appears that plaintiff simply disagrees with the court's ruling or argues that facts—which were acknowledged by the court—were not accounted for in the challenged order. (ECF Nos. 74 (mentioning that two teeth needed medical attention and noting relevant dates), 76).

Next, Rule 60(b)(5) does not provide relief because plaintiff failed to show the necessary "significant change either in factual conditions or in law." *In re Ctr. Wholesale, Inc.*, 759 F.2d at 1448. In particular, plaintiff cites cases that were either decided previously to the challenged order or are unhelpful to plaintiff. (ECF No. 76) (citing *Colwell v. Bannister*, 763 F.3d at 1066–68 (9th Cir. 2014); *Snow v. McDaniel*, 681 F.3d 978, 983 (9th Cir. 2012) *overruled by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014); *McGuckin v. Smith*, 974 F.2d 1050, 1060–61 (9th Cir. 1992) *overruled by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989)).

Finally, plaintiff has failed to show any "extraordinary circumstances" that prevented him from his pursuit of the present case. *See Lal*, 610 F.3d at 524. In conclusion, plaintiff's invoked portions of Rule 60 do not allow relief.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for the district judge to reconsider the order granting summary judgment (ECF No. 76) be, and the same hereby is, DENIED.

DATED January 25, 2017.

_____
UNITED STATES DISTRICT JUDGE